UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA M. NOVAK,

        Plaintiff,

v.

MARK NOVAK,

        Defendant.

_____/

Case No. 2:22-cv-12427
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DISMISS THIS MATTER

**I.**     **RECOMMENDATION**: The Court should **DISMISS** Ms. Novak's notice of removal, because Ms. Novak's state court divorce proceeding it is not appropriately removed to this Court under 28 U.S.C. § 1441. Also, the Court should **DISMISS** her attempted complaint for damages for "lack of subject-matter jurisdiction[,]" Fed. R. Civ. P. 12(b)(1).

**II.**     **REPORT:**

    **A.**     **Background**

In March 2016, Mark Tony Novak filed for divorce. *See Novak v. Novak*, Case No. 2016-001726-DM (Macomb County). That same month, he also filed an emergency motion for Anita Marie Novak to vacate the marital home and to vest temporary custody of minor children with Mr. Novak. On September 23, 2016, the Court signed a default judgment of divorce.

In March 2022, Ms. Novak filed an emergency *ex parte* motion to modify parenting time and custody. In June 2022, an emergency *ex parte* motion to modify custody to sole custody was filed. On September 9, 2022, the Court denied Anita Novak's motion to modify custody, and, on September 20, 2022, a final recommended order was signed.

### B. Instant Matter

In October 2022, Ms. Novak initiated this matter on her own behalf by submitting a notice of removal (10 pages), a petition for removal and complaint for damages (19 pages), and a timeline of events and legal history (9 pages). (ECF No. 1.) At the same time, she submitted approximately 747 pages of exhibits. (ECF Nos. 2-3 [Exhibits 1-16].)

Judge Lawson has granted Ms. Novak's application to proceed *in forma pauperis* and referred this case to me for general case management. (ECF Nos. 4, 6, 7.)

### C. Discussion

#### 1. Notice of removal

Ms. Novak seeks to remove *Novak v. Novak*, Case No. 2016-001736-DM (Macomb County) – *i.e.*, the state court divorce proceeding filed against her – to this Court. (ECF No. 1, PageID.1.) (*See also id.*, PageID.1-10 [Petitioner's Notice

2

of Removal].) However, Ms. Novak's petition to remove is improper under the appropriate statute.

Preliminarily, there is the issue of timing. Referring to the state court's September 9, 2022 order denying her motion to modify custody, which she claims to have received on Saturday, September 10, 2022, Ms. Novak seems to allege that the October 11, 2022 "removal" to this Court is timely under the 30 days referenced in Section 1446 ("Procedure for removal of civil actions"). (ECF No. 1, PageID.16 ¶¶ 15-16; *see also* ECF No. 1, PageID.38 ¶ 54.) However, the 30 days referenced in Section 1446(b)(1) begins upon a defendant's receipt of a copy of the initial pleading or service of summons, which, in the divorce proceeding, would have occurred years ago – *i.e.*, around the time the case was initiated in March 2016. Perhaps Ms. Novak intended to remove the divorce proceeding to this Court, because, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, *order or other paper from which it may first be ascertained that the case is one which is or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added). However, the state court's September 9, 2022 order denying her motion to modify custody is not such an order.

3

More substantively, citing 28 U.S.C. § 1443 ("Civil Rights Cases"), Ms. Novak alleges "this civil action regarding the state court case is perfectly acceptable in this situation and the only real way to abide by the laws of natural justice and basic human decency." (ECF No. 1, PageID.15-16 ¶¶ 13-14.) Yet, the divorce proceeding, which Mr. Novak commenced in a state court, is not a civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). Nor is the divorce proceeding a civil action "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2).

Ms. Novak also suggests that removal of the divorce proceeding is appropriate under 28 U.S.C. § 1441 ("Removal of Civil Actions"), namely with reference to its general and joinder subsections. (ECF No. 1, PageID.1, PageID.5 ¶ 24.) (*See also id.*, PageID.14-15 ¶¶ 8, 11.) While the Court acknowledges Ms. Novak's assertions regarding why removal is "essential," (*id.*, PageID.16-17 ¶ 17, PageID.19 ¶ 31), the state court divorce proceeding is not a "civil action brought in a State court of which the district courts of the United States have *original jurisdiction* . . . [,]" 28 U.S.C. § 1441(a) (emphasis added), because it does not

4

"aris[e] under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331.  Nor is it between "citizens of different States[.]" 28 U.S.C. § 1332(a)(1).  It follows that removal would likely be improper under Subsection 1441(c), because this Court does not have reason to believe the state court civil divorce proceeding included "a claim arising under the Constitution, laws, or treaties of the United States . . . ." 28 U.S.C. § 1441(c)(A).  Although it is easy enough to glean her desire to remove her divorce case to federal court, and she attaches approximately 700 pages of orders, pleadings and other materials from her state court case (ECF Nos. 2 & 3), including her complaint to the Judicial Tenure Commission, it is notable that she names herself as the plaintiff, not, as would normally be the case in a removal, as the defendant.  (*See* Petition, ECF No. 1, PageID.1, ¶ 1 ["I will now be named the plaintiff/petitioner in the federal court action, MARK NOVAK as the defendant/respondent."])

Accordingly, the Court should **DISMISS** Ms. Novak's notice of removal (ECF No. 1, PageID.1-10).

### 2. Complaint for damages

Ms. Novak also submits a combined "complaint for damages and petition for removal." (ECF No. 1, PageID.11-29.)  In her attempted complaint for damages, Ms. Novak makes an effort to put forth "a short and plain statement of the grounds

5

for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Nonetheless, her attempted pleading is not properly before this Court.

The Court notes Ms. Novak's references to various federal constitutional amendments and the Americans with Disabilities Act (ADA). (ECF No. 1, PageID.14 ¶ 8, 18 ¶ 27, 19 ¶ 29; *see also id.*, PageID.1.) And, looking at the civil cover sheet for this matter, Ms. Novak: (a) alleges jurisdiction is based upon federal question, *i.e.*, 28 U.S.C. § 1331; but, (b) when asked to choose a single "nature of suit," chooses a tort-based nature of suit, namely "other personal injury." (ECF No. 1, PageID.39.)[1] Then, on the same form, Ms. Novak attempts to merge the removal of her state court civil divorce proceeding with new claims; when asked to briefly describe her cause, she wrote: "Removal of state child custody case based on Constitutional rights and ADA violations with supplemental jurisdiction of personal injury claim[.]" (*Id.*) (*See also id.*, PageID.14 ¶ 8.) In sum, Ms. Novak makes vague references to federal statutes and federal constitutional law rights within her complaint for damages but does not clearly delineate federally-based causes of action. Therefore, jurisdiction over Ms. Novak's attempted complaint for damages is questionable under 28 U.S.C. § 1331.

---

[1] References to federal question jurisdiction and/or 28 U.S.C. § 1331 also appear within Ms. Novak's notice of removal. (*See* ECF No. 1, PageID.4-5 ¶¶ 21, 23; *id.*, PageID.6 ¶ 25; *id.*, PageID.7 ¶ 30; and, *id.*, PageID.9.)

By comparison, Ms. Novak's attempted pleading delineates only state and/or common law claims. Specifically, while she references Michigan's Child Custody Act of 1970, which is codified at Mich. Comp. Laws §§ 722.21-722.31 (*see* ECF No. 1, PageID.1),[2] she pleads state common law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, defamation of character, and abuse of process – not only on the title page (*id.*, PageID.1) but also more formally delineated in Counts II through V (*id.*, PageID.22-26). These claims are consistent with the civil cover sheet, which indicates "other personal injury" as the "nature of suit." (ECF No. 1, PageID.39.) It is unclear exactly what Count I is, although tracking with the apparent table of contents appearing on the first page of the "Complaint for Damages[,]" it appears to be the "Petition for removal" itself. (ECF No. 1, PageID.11.) In other words, Count I is not a claim at all. Tellingly, the attempted complaint for damages: (a) requests "supplemental jurisdiction of intentional infliction of emotional distress, negligent infliction of emotional distress, abuse of process and defamation of character . . . [,]" (*id.*, PageID.11); and, (b) suggests the Court exercise supplemental jurisdiction over these claims, as they arise "from the same and perpetrated by the respondent, Mark

---

[2] References to Mich. Comp. Laws §§ 722.27(1)(c), 722.23 Michigan's Child Custody Act also appear within Ms. Novak's "timeline of events and legal history." (*See* ECF No. 1, PageID.32 ¶ 11, PageID.34 ¶ 21, PageID.36 ¶ 45.)

Novak Jr.[,]" (*id*., PageID.15, ¶ 11).  (*See* 28 U.S.C. § 1367 ("Supplemental jurisdiction").)³  However, if the attempted complaint for damages does not delineate claims based on federal law, then there is no jurisdiction for the Court to supplement.  Nor can the Court exercise jurisdiction over Ms. Novak's state law claims based on diversity of citizenship, because her complaint for damages against Mr. Novak is not between "citizens of different States[.]"  28 U.S.C. § 1332(a)(1).  Indeed, the civil cover sheet does not indicate diversity as a basis of jurisdiction, which is consistent with the indications that Mr. Novak and Ms. Novak are each citizens of the State of Michigan.  (ECF No. 1, PageID.39.)⁴

    Finally, whatever references Ms. Novak makes to federal and state law, much of what she complains about concerns the state court and/or the family law referee, which she says will not listen to her.  (*See*, *e.g.*, ECF No. 1, PageID.12 ¶ 2; *id*., PageID.14 ¶ 9; *id*., PageID.18 ¶ 26.)  Ms. Novak contends the state appellate court is not a proper option, because the trial court ignores her.  (*See* ECF No. 1,

---

³ References to 28 U.S.C. § 1367 and supplemental jurisdiction also appear withing Ms. Novak's notice of removal.  (*See* ECF No. 1, PageID.1, PageID.2-3 ¶ 6, PageID.6 ¶ 27, PageID.7 ¶ 31.)

⁴ Plaintiff mentions "state actors," "state court actors," and "court actors." (ECF No. 1, PageID.5 ¶ 21, PageID.14 ¶ 9, PageID.21 ¶ 37.)  However, the attempted complaint for damages lists only Mr. Novak as a Defendant, both in the caption of the pleading (ECF No. 1, PageID.11) and in the description of the parties (*id*., PageID.12-13 ¶¶ 4-6).  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

PageID.18 ¶ 26.)  (*See also id.*, PageID.2 ¶ 5; *id.*, PageID.38 ¶ 56.)  However, the *Rooker-Feldman* doctrine prohibits this Court's review of decisions from the Macomb County Circuit Court.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name:  cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 622 (1989) ("The *Rooker–Feldman* doctrine interprets 28 U.S.C. § 1257 as ordinarily barring direct review in the lower federal courts of a decision reached by [even] the highest state court, for such authority is vested solely in this Court.") (citations omitted).

Accordingly, the Court should **DISMISS** Ms. Novak's attempted complaint for damages (ECF No. 1, PageID.11-29).

### D.  Conclusion

As set forth in detail above, the Court should **DISMISS** Ms. Novak's notice of removal, because her state court divorce proceeding it is not appropriately removed to this Court under 28 U.S.C. § 1441.  Also, the Court should **DISMISS** her attempted complaint for damages for lack of subject-matter jurisdiction in accordance with Fed. R. Civ. P. 12(b)(1).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must precisely recite the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 27, 2022

/s/ Anthony P. Patti

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE